UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM M. BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-380-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff William M. Burke ("Burke") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record No. 11, 12] Through this action, Burke seeks to reverse the decision of an administrative law judge ("ALJ"), concluding that he was not entitled to a period of disability and Disability Insurance Benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Burke.

**I.   BACKGROUND**

Burke has a high school education with two years of college courses. He has past work experience as a shipping clerk and factory contract worker. Burke claims that he became disabled on February 15, 2000, as a result of injuries suffered in an automobile accident. These injuries included broken vertebrae in his neck, back pain, and a pinched nerve in his right arm.

He applied for Disability Insurance Benefits on January 15, 2003. This application was denied initially and on reconsideration.

Burke requested and received an administrative hearing before Administrative Law Judge Don C. Paris on April 21, 2004. During this hearing, the ALJ heard testimony from Burke and Dean Owen, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Burke. ALJ Paris concluded that Burke retained the ability to perform a significant range of medium work, including his former job as a shipping clerk. [Tr., p. 58] And based on testimony from the VE, the ALJ further concluded that Burke was capable of performing a significant number of jobs in the national economy. [Tr., p. 59]

## II. LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the

Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §404.1520(e).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

### III. ANALYSIS

#### A. Substantial Evidence

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference

is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

In the present case, Burke argues that the ALJ did not give sufficient consideration to the opinion of Dr. Stephen Nutter. [Record No. 11] While the ALJ did not specifically mention Dr. Nutter's report, his decision specifically references the exam and related findings. [Tr., p. 16] As noted above, it is irrelevant whether this Court would agree with the ALJ's decision. However, given the number of inconsistencies in the record, including the amount of time between when the plaintiff was injured and when he sought treatment and the ability to control any pain with over-the-counter medication, this Court does not find the ALJ's determination of the evidence unreasonable.

## B. Improper Hypothetical

Burke asserts that the hypothetical question posed to VE was improper inasmuch as it was not a complete and accurate assessment of his physical and mental state. *See Howard v. Comm'r of Social Security*, 276 F.3d 235 (6th Cir. 2002). Where a hypothetical question fails to describe accurately the claimant's physical and mental impairments, the defect can be fatal to the VE's testimony and the ALJ's reliance on it. An ALJ, however, is not required to restate verbatim a medical report to a VE in order to accurately state a claimant's relevant impairments. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Thus, the central question is not whether the hypothetical question posed to the VE recounts all of the medical findings, impairments and conditions, but whether it is a fair, complete and accurate summation regarding the claimant's abilities and overall mental and physical state, based upon the available evidence and testimony. *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Felinsky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Davis v. Sec'y of Health &*

*Human Services*, 915 F.2d 186, 189 (6th Cir. 1990); *Higgs*, 880 F.2d at 863; *Varley*, 820 F.2d at 779.

Having reviewed the evidence of record, the Court finds that the ALJ's hypothetical appropriately included all relevant restrictions on Burke'sss ability to work and thus provided a useful framework for the ALJ in determining whether his limitations precluded him from working. The ALJ's hypothetical was a fair and "accurate portrayal of [the claimant's] individual physical and mental impairments." *Howard*, 276 F.3d at 239. Specifically, the hypothetical to the VE contained the following restrictions: Nonexertionally, the hypothetical individual suffers from an effective disorder and alcohol dependency. The individual would have a fair ability to understand, remember and carry out detailed instructions, interact appropriately with the general public and to respond appropriately. Additionally, the individual would have the mental capacity to understand, remember, carry out and sustain at least routine repetitive tasks and relate adequately to others. However, the individual would perform best in a job with minimal interaction with the public. [Tr., p. 57-58]

The VE concluded that, based on these limitations, a claimant could perform up to medium level jobs. Certainly, this includes the ability to perform sedentary and light work, which the Regulations define in the following manner:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967.

The Court is not persuaded by Burke's contention that the medical evidence indicates that he did not even have the capability to perform sedentary work. Based on the regulatory definitions of light and sedentary work and the relevant medical evidence, the ALJ properly determined that he does have the capability of performing a full range of light work, and most medium work positions. Having reviewed the medical evidence, it is apparent that the ALJ incorporated the functional limitations that were supported by the evidence into his hypothetical and that such limitations were sufficient to impart the relevant medical information to the VE and allowed the VE to offer an informed opinion regarding Burke's ability to find employment.

### IV.   CONCLUSION

After reviewing the briefs submitted by the parties and the administrative record before the ALJ, the Court concludes that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1)   Claimant's Motion for Summary Judgment [Record No. 11] is **DENIED**;

(2)     The Commissioner's Motion for Summary Judgment [Record No. 12] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 14th day of October, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge